*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOMINICK REYES CAMACHO,

Defendant-Appellant.

UNPUBLISHED
June 10, 2026
1:34 PM

No. 377125
Ingham Circuit Court
LC No. 24-000917-FH

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of his motion to suppress evidence, arguing that the evidence was seized as a result of an illegal traffic stop. Because the trial court erred in finding that there was reasonable suspicion for the stop, we reverse.

## I. BACKGROUND

A police officer stopped the vehicle that defendant was a passenger in because, based on statements made by the officer and recorded by body camera footage, the officer heard yelling coming from the vehicle. The officer asked about the yelling, and defendant explained that he had been in an argument with someone on the phone. The officer told the occupants of the vehicle that "it was no big deal," that he wanted to make sure that they were not fighting, and asked for their driver's licenses.

While the driver and defendant were looking for their licenses, another officer approached the vehicle and alerted the original officer to a gun magazine under the seat of the vehicle. The driver was directed to exit the vehicle and was questioned by the officer. The driver stated that there was a gun in the car, that it was registered to him, and that he did not have a concealed pistol license (CPL). The officers searched the vehicle and found two guns inside, one under the driver's

---

[1] *People v Camacho*, unpublished order of the Court of Appeals, entered December 18, 2025 (Docket No. 377125).

seat and one under the passenger seat where defendant was sitting. The officers determined that the gun under defendant's seat was registered to defendant; it appears from the record that defendant did not have a CPL.

Defendant was charged with carrying a concealed weapon, MCL 750.227(2). Defendant moved to suppress the evidence gathered as a result of the search, arguing that the initial traffic stop was unjustified and the officer impermissibly extended the stop. During the hearing on the motion, the prosecutor introduced only the body camera footage as evidence, which did not capture the purported yelling that led to the traffic stop. The trial court ultimately denied defendant's motion to suppress, finding that the traffic stop did not exceed "the time necessary to conduct the business of determining whether or not there was assaultive behavior taking place." The trial court did not know how loud the screaming coming from the vehicle was but "surmise[d]" that the screams were loud enough that the officer felt disturbed by it and concerned about a possible assault.

Defendant now appeals by leave granted.

II. ANALYSIS

On appeal, defendant argues that the trial court erred in denying defendant's motion to suppress evidence because the traffic stop was unjustified and violated defendant's Fourth Amendment rights. We review de novo a trial court's determination on whether a defendant's Fourth Amendment rights were violated, *People v Moorman*, 331 Mich App 481, 485; 952 NW2d 597 (2020), and review for clear error the trial court's factual findings when it decides a motion to suppress evidence, *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019). "A trial court's factual findings are clearly erroneous when this Court is left with a definite and firm conviction that the trial court made a mistake." *Clark*, 330 Mich App at 415. If the trial court's factual findings resulted solely from a video recording that is provided on appeal, then this Court is not bound by the trial court's conclusions of what the video contains. *People v Deming*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 368056); slip op at 8-9.

Both the United States and Michigan Constitutions protect against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. If an officer conducts a search without a warrant, then the search is presumed unconstitutional unless it is within an established exception. *People v Lucynski*, 509 Mich 618, 637; 983 NW2d 827 (2022). The prosecutor bears the burden of proving that there was an exception to the warrant requirement, *People v Reed*, 393 Mich 342, 362; 224 NW2d 867 (1975), which includes making "a sufficient factual record to establish that an exception to the warrant requirement exists," *People v Armstrong*, ___ Mich ___ n ___; ___ NW3d ___ (2025) (Docket No. 165233); slip op at 19 n 18.

"A traffic stop does not violate the Fourth Amendment when a police officer has an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *Moorman*, 331 Mich App at 485 (cleaned up). Whether a police officer had reasonable suspicion is determined case by case, using the totality of facts and circumstances, as well as "commonsense judgments and inferences about human behavior." *People v Jenkins*, 472 Mich 26, 32; 691 NW2d 759 (2005). The officer "must have had a particularized and objective

basis for the suspicion of criminal activity," which is more than just a "hunch." *People v Pagano*, 507 Mich 26, 32; 967 NW2d 590 (2021).

Here, the prosecutor only offered body camera footage from the officers at the traffic stop to prove reasonable suspicion. Even though the officer stated in the body camera footage that he heard yelling, no yelling was audible in the footage. Further, the video does not show any traffic violations or other signs of criminal activity when the officer initiated the stop, and the officer did not state—on video or through testimony—what potential violation formed the basis for the stop. By itself, yelling in a vehicle is not a crime. Assuming that defendant's yelling was the officer's reason for initiating the traffic stop, that activity alone without any other indication of criminal activity is insufficient for reasonable suspicion; rather, it is akin to a "hunch" that something might be amiss. Additionally, once defendant explained the reasoning for the yelling, the record does not reflect the reason why the officer requested identification and continued the stop.

Therefore, the trial court erred when finding that there was reasonable suspicion for the traffic stop. Because the prosecutor did not meet its burden for proving that there was an exception to the warrant requirement, the evidence collected from that stop is inadmissible. *Terry v Ohio*, 392 US 1, 29; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle